IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 16-cv-02518-RPM

ALONZO LYDELL MOORE,

    Applicant,

v.

RICK RAEMISCH, Executive Director, Colorado Dept of Corrections,
LAURIE TAFOYA, Warden, San Carlos Correctional Facility, and
CYNTHIA COFFMAN, Attorney General, State of Colorado,

    Respondents.
_____

ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS
_____

Alonzo Lydell Moore is serving a sentence of life imprisonment without possibility of parole as a result of a jury verdict finding him guilty of first degree murder in the stabbing death of a woman in Pueblo County, Colorado. The conviction and sentence in 1999 was affirmed on direct appeal by the Colorado Court of Appeals on January 17, 2002. The Colorado Supreme Court denied *certiorari* review on September 23, 2002. Moore filed a *pro se* motion for post-conviction relief under Colo. Crim. P. 35(c) in October, 2002. The district court made no decision on that motion despite repeated written requests in letters he sent to the court.

In July, 2008, Moore filed a second Rule 35(c) motion, *pro se.* The district court denied it as a successive motion. On appeal the Colorado Court of Appeals affirmed that ruling but remanded the case to the district court to consider the merits of the 2002 motion.

Because the trial judge had retired, the motion was presented to another district judge who entered an order denying relief on October 28, 2011. Ex. F. There was no evidentiary hearing and no review of transcripts of the trial.

*Pro bono* counsel filed a motion to appeal that ruling out of time under C.A.R. 26(b). No opposition was filed and the motion was granted on June 24, 2013. Counsel raised the same issues as the 2002 *pro se* motion claiming ineffective assistance of trial counsel in violation of the Sixth Amendment to the United States Constitution. Among them was the claim that trial counsel failed to inform the court that Moore physically assaulted his lawyer and called him a racist, Moore being black and counsel white.

The Colorado Court of Appeals affirmed the denial order in an opinion announced on Mach 19, 2015. Ex. K. The Colorado Supreme Court denied *certiorari* review on October 13, 2015.

Moore filed this application for a writ of habeas corpus on October 11, 2016. The respondents claim the filing is untimely, asserting that the one-year limitation expired on December 12, 2012. That ignores the grant of untimely appeal by the Colorado Court of Appeals. This is a case for application of the doctrine of equitable tolling for several reasons, particularly the failure of the district court to act on the *pro se* motion for seven years. Counsel for the Applicant has asked that this court recognize that Moore suffered traumatic brain injury which has impaired his cognitive capacity and that his *pro se* filings were the work of fellow inmates.

The application is accepted as a timely filing for review of the March 19, 2015, order.

The single claim for relief in this court is stated as follows:

> Petitioner is entitled to a writ of habeas corpus because his Sixth Amendment right to conflict-free counsel was violated, where the trial court failed to hold an adequate inquiry into the conflict of interest and the failure prejudiced Petitioner's right to a fair trial.

The district court analyzed this as a claim of ineffective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668 (1984) and held that Moore had "presented no competent evidence that his attorneys' representation fall outside the range of professional conduct in criminal cases. Mr. Moore has also failed to prove by a preponderance of the evidence how he was prejudiced by the jury selection process." Ex. F, p. 0000590. That refers to the failure to challenge a juror whose mother had been stabbed to death which the court considered to be trial strategy.

The Court of Appeals affirmed that ruling on the prejudice prong of the *Strickland* analysis. The appellate court believed that ineffective assistance was the appropriate question but did go on to consider the conflict claim under *Cuylor v. Sullivan*, 446 U.S. 335 (1980).

Under that analysis the ruling was that the motion did not set forth any facts to suggest an actual conflict of interest between him and his trial counsel. The opinion includes a recitation of the factual record relating to the duty to inquire and right to new counsel. Ex. K, pp. 10 to 14.

The applicant has given his own recitation of the factual record but that has not shown such a difference as to warrant a finding that the Colorado Court of Appeals had made an unreasonable determination of the trial record. The argument is that the Colorado Court of Appeals should have applied the law in *Wood v. Georgia,* 450 U.S. 261 (1981). In that case the Supreme Court held that the trial court had a duty to

3

recognize the possibility of a disqualifying conflict of interest when the defendant was represented by a lawyer retained by his employer under circumstances suggesting that the lawyer's primary interest was the preservation of the employer's business. That was considered to be a question of due process and the Court vacated the revocation of probation for failure to pay installments of substantial fines with directions to hold a hearing to determine if an actual conflict existed, and, if so, to hold a new hearing untainted by the conflict.

The facts of that case are sufficiently different to make it inapplicable to Moore's trial.

Under the deferential standard required by 28 U.S.C. § 2254(d)(1) and (2), and 2254(e)(1) this Court is unable to grant relief. It is

ORDERED, that the Application for Writ of Habeas Corpus is denied and this civil action is dismissed. The Court

FURTHER ORDERS that no certificate of appealability will issue because the Applicant has not made a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2).

DATED: August 3, 2017

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior Judge